IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA

v.  Criminal No. 1:97CR332-3

LAFAYETTE N. DOTSON, JR.

**MEMORANDUM OPINION**

Lafayette N. Dotson, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255. ("2255 Motion," ECF No. 90). The Government has responded, asserting, inter alia, that Dotson's § 2255 Motion is untimely. (ECF No. 100.) For the reasons set forth below, the § 2255 Motion will be dismissed as barred by the statute of limitations.[1]

**I. PROCEDURAL HISTORY**

On February 13, 1998, the Court entered judgment against Dotson and sentenced him to life in prison for murder and a concurrent sentence for assault with a dangerous weapon with the intent to do bodily harm. (ECF No. 76.) On January 25, 1999, the United States Court of Appeals for the Fourth Circuit affirmed the judgment. (ECF No. 88.) The Supreme Court of the United States

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling and punctuation in the quotations from Dotson's submissions. The Court omits the emphasis from Dotson's quotations.

denied a petition for a writ of certiorari on May 27, 1999. Smith v. United States, 526 U.S. 1140 (1999).

On August 15, 2019, the United States District Court for the Central District of California received Dotson's § 2255 Motion. (ECF No. 90, at 5.) The Court deems the § 2255 Motion filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988).[2] In his § 2255 Motion, Dotson claims that his trial counsel rendered ineffective assistance during Dotson's trial. (ECF No. 90, at 1-3.)

## II.   ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] Ordinarily a petitioner is entitled to a "filed" date of when he swears that he placed his § 2255 motion in the prison mail box for mailing to the court. See Houston v. Lack, 487 U.S. 266, 276 (1988). Dotson did not use the standard form for filing a § 2255 motion, and he did not include this information. Thus, the Court must use the date that his § 2255 motion was received by the Court.

2

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A. Running Of The Statute Of Limitations

Dotson's conviction became final on May 24, 1999 when the Supreme Court of the United States denied his petition for a writ of certiorari. United States v. Clay, 537 U.S. 522, 527 (2003). Hence, Dotson had until May 24, 2000 to file any motion under 28 U.S.C. § 2255. Dotson did not file his § 2255 Motion until August 15, 2019, more than nineteen years later. The motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

Dotson offers no explanation for his untimely § 2255 Motion. Generously construing Dotson's arguments, at most, he indicates that "due to him leaving the Lorton Reformatory and entering into the Federal Bureau of Prisons his property was not shipped to him." (ECF No. 106, at 1.) Dotson fails to explain when he was transferred to the Bureau of Prisons or how this entitles him to a belated commencement of the limitations period or any equitable

3

exception.³ Thus, Dotson's § 2255 Motion is untimely and will be denied.

### III. CONCLUSION

For the foregoing reasons, Dotson's § 2255 Motion (ECF No. 90) will be denied. The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Dotson and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 20, 2021

---

³ The Court notes that Lorton Reformatory was closed in 2001. See https://doc.dc.gov/release/department-corrections-closes-final-prison-and-accomplishes-major-milestone (last visited Mar. 17, 2021). Thus, Dotson's loss of records in 2001 does not adequately explain why he could not file a § 2255 Motion until 2019.

4